Godfrey Township Utility Board, Plaintiff-Appellant, v. Maurice Hand, et al., Springman Realty Co., a Corporation, John Olmstead, et al., Alton Savings & Loan Association, a Corporation, Al Gregor, et al., Luken Realty, a Corporation, M. Wallace, et al., Defendants-Appellees.

Gen. No. 66–107.

Fifth District.

February 14, 1967.

Thomas & Mottaz, of Alton, for appellant.

Emerson Baetz, of Alton, for appellees.

MORAN, P. J.

This is an appeal from the Circuit Court of Madison County, Illinois, from a judgment dismissing an action brought by the Godfrey Township Utility Board to enjoin the defendants from using any water closet or privy, connected with or used in the buildings located on the premises owned by the defendants, which are not con-

nected into the plaintiff's sewerage system. The trial court found that the plaintiff did not have the authority to sue in its own name and dismissed the complaint.

■ Ill Rev Stats, c 139, § 160.49, provides that, if a township utility board is created, it "shall exercise all of the powers authorized and provided for by this Act in lieu of the Board of Town Auditors. . . ." C 139, § 160.-51, provides that:

> The authority conferred upon a township under the provisions of this Act, except as otherwise provided in this Act, shall be exercised by the Board of Town Auditors of any such township *in the name of* and for and on behalf of any such township. (Emphasis added.)

It seems clear from these provisions that the Godfrey Township Utility Board has no authority to sue in its own name; therefore the action of the trial court should be affirmed.

■ The plaintiff argues that the trial court should have allowed the plaintiff to amend its complaint. However, there is no indication in the record that the plaintiff in any way tendered an amendment or requested permission to amend. Under these circumstances, the plaintiff should not now be heard to complain.

Since the trial court dismissed the complaint only on the ground that the plaintiff could not sue in its own name, this court will not consider other questions raised in the briefs of the parties.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.